1  CHARLES F. PREUSS (State Bar No. 45783)
   BRENDA N. BUONAIUTO (State Bar No. 173919)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   charles.preuss@dbr.com
5  brenda.buonaiuto@dbr.com

6  Attorneys for Defendants
   ORTHO-MCNEIL PHARMACEUTICAL, INC., now
7  known as ORTHO-McNEIL-JANSSEN
   PHARMACEUTICALS, INC.,
8  and MCKESSON CORPORATION

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  MIRANDA ADAMS, an individual;              Case No.
    AUDREY ALEXANDER, an individual;
13  FALLON ARENIVAS, an individual;           **DEFENDANTS' ANSWER TO FIRST**
    CORRINE BELLUCCI, an individual;          **AMENDED COMPLAINT; DEMAND**
14  RAQUEL BOONE, an individual;              **FOR JURY TRIAL**
    DANIELLE BOUDREAUX, an individual;
15  TASHIANA BRADLEY, an individual;
    CHERI BRANHAM, an individual;
16  RHONDA CARTER, an individual; TAMU
    CARTER, an individual; STARSHA
17  CLOSE, an individual; THOMASITA
    CURLEY, an individual; ONILDA
18  DASILVA, an individual;ADELE
    DUPLECHAIN, an individual; SYLVIA
19  EDWARDS, an individual; MISHEKIA
    FREELON, an individual; RENATA
20  GAINES, an individual; JANET GUIDRY,
    an individual; VICTORIA HARRIS, an
21  individual; APRIL JANUTOLO, an
    individual; OLIVIA JOSEPH, an individual;
22  CHRISTINA MARK, an individual;
    SHARON MARSHALL-FRYER, an
23  individual; ANNA MARTINEZ, an
    individual; JESSICA MCDANIEL, an
24  individual; JANICE MCDONALD, an
    individual; KELVANNTI MORGAN, an
25  individual; WANDA MORGAN, an
    individual; KELSEY MUNYON, an
26  individual; TONI NICHOLS, an individual;
    LAKISHA PACE, an individual; ASHLEY
27  PARKER, an individual; YOLANDA
    PAGE, an individual; ANGELICA PEREZ,
28  an individual; STEPHANIE REAY, an

JCS

1

2  individual; IVONNE CLAUDIO REYES,
   an individual; NICHOLE SHULTZ, an
3  individual; CASSANDRA SLIMMER, an
   individual; NANCY STARTS, an
4  individual; RHONDA STYLES, an
   individual; MICHELLE TAYLOR-
5  JANSEN, an individual; KEMBLEY
   THOMAS, an individual; TOINETTA
6  VANHORN, an individual; CAMILLE
   WILLIAMS, an individual;

7                        Plaintiffs,

8       v.

9  ORTHO-MCNEIL PHARMACEUTICAL,
   INC., a Delaware Corporation;
10 MCKESSON CORP. and DOES 1-500,
   inclusive,

11
                        Defendants.
12

13         Defendants Ortho-McNeil Pharmaceutical, Inc. ("OMP"), now known as Ortho-
14
   McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), and McKesson Corporation ("McKesson")
15
   (collectively "Defendants"), by and through counsel, hereby respond to the allegations set
16
   forth in Plaintiffs' First Amended Complaint (the "Complaint"), as follows:
17
                        **ANSWER TO INTRODUCTION**
18
           1.      Defendants are without knowledge or information sufficient to form a
19
   belief as to Plaintiffs' allegations that they used ORTHO EVRA®.   Defendants deny the
20
   remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.
21
           2.      Defendants admit that OMP, now known as OMPJI, manufactured,
22
   advertised, promoted, marketed, sold and distributed ORTHO EVRA®.  Defendants deny
23
   the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.
24
           3.      Defendants admit that McKesson is a non-exclusive distributor of ORTHO
25
   EVRA® and has its principal place of business in San Francisco, California.  Defendants
26
   deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.
27
           4.      Defendants admit that on the ORTHO EVRA® Web site, it stated that:
28
   "The transdermal -- or 'through the skin' -- weekly birth control patch prevents

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

394621v1

                                        1
DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                        CASE NO.

pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the bloodstream." Defendants admit that the FDA approved the use of ORTHO EVRA® for the prevention of pregnancy in November 2001. Defendants further admit that the FDA's publications state what they state. Defendants deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

## ANSWER TO JURISDICTION AND VENUE

5.      Paragraph 5 of Plaintiffs' Complaint contains legal conclusions to which no response is required.

6.      Defendants admit that OMP, now known as OMPJI, was a Delaware corporation with its principal place of business in New Jersey, that OMPJI is a Pennsylvania corporation with its principal place of business in New Jersey, and that McKesson is a Delaware corporation with its principal place of business in California. Defendants deny the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.      Defendants admit that McKesson has its principal place of business in San Francisco, California. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      Defendants admit that McKesson has its principal place of business in San Francisco, California. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiffs' Complaint.

## ANSWER TO PLAINTIFFS

10.     Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 24 of Plaintiffs' Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

394621v1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. .  Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.   Defendants deny the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

DRINKER BIDDLE & REATH
LP
0 Fremont Street, 20th Floor
an Francisco CA 94105

394621v1

53.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 53 of Plaintiffs' Complaint.

## ANSWER TO DEFENDANTS

54.    Defendants admit that OMP, now known as OMPJI, was a Delaware corporation with its principal place of business in New Jersey and that OMPJI is a Pennsylvania corporation with its principal place of business in New Jersey. Defendants deny the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.    Defendants admit that OMP, now known as OMPJI, conducts business in California. Defendants deny the remaining allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of Plaintiffs' Complaint, and therefore these allegations are denied.

57.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of Plaintiffs' Complaint, and therefore these allegations are denied.

58.    Defendants admit that OMP, now known as OMPJI, manufactured, marketed, promoted, sold and distributed ORTHO EVRA®.    Defendants deny the remaining allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.    Defendants admit that McKesson is a Delaware corporation with its principal place of business in San Francisco, California. Defendants further admit that McKesson conducts business in California.  Defendants deny the remaining allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of Plaintiffs' Complaint, and therefore these allegations are denied.

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

394621v1

9

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                     CASE NO.

61.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of Plaintiffs' Complaint, and therefore these allegations are denied.

62.    Defendants admit that McKesson is a non-exclusive distributor of ORTHO EVRA®.    Defendants deny the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.    To the extent that paragraph 65 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

66.    To the extent that paragraph 66 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

## ANSWER TO GENERAL ALLEGATIONS

67.    OMP, now known as OMPJI, admits that on the OMP Web site, it stated that:    "Ortho-McNeil Pharmaceutical is a pioneer in contraception and a leader in women's health care.    Ortho-McNeil offers the broadest range of prescription birth control options…"    OMP, now known as OMPJI, further admits that it manufactures and sells ORTHO EVRA®, the first combination transdermal contraceptive patch. Defendants deny the remaining allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.    OMP, now known as OMPJI, admits that ORTHO EVRA® is the first and only once-a-week birth control patch.    OMP, now known as OMPJI, further admits that on the ORTHO EVRA® Web site, it stated that:    "The transdermal -- or 'through the skin' -- weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the bloodstream." Defendants deny the remaining allegations

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

394621v1

10

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

contained in paragraph 68 of Plaintiffs' Complaint.

69.    Defendants admit that a New Drug Application ("NDA") was filed for ORTHO EVRA®, denoted as 21-180, with the FDA in December 2000. Defendants further admit that the FDA Medical Officer's Review for ORTHO EVRA® states what it states.    Defendants deny the remaining allegations contained in paragraph 69 of Plaintiffs' Complaint.

70.    Defendants admit that the FDA approved the use of ORTHO EVRA® for the prevention of pregnancy in November 2001.    Defendants deny the remaining allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.    Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities.    Defendants deny the remaining allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.    Defendants admit that the FDA's publications state what they state. Defendants deny the remaining allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.    Defendants admit that the November 2005 package insert for ORTHO EVRA® states what it states.    To the extent that paragraph 73 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

74.    OMP, now known as OMPJI, admits that ORTHO EVRA® is the first and only once-a-week birth control patch.    Defendants deny the remaining allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.    Defendants admit that the package insert for ORTHO EVRA® states what it states.    To the extent that paragraph 76 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

77.    Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.   Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 78 of Plaintiffs' Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

79.   Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.   Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.   Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.   Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Complaint.

### ANSWER TO FRAUDULENT CONCEALMENT

83.   Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.   Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 84 of Plaintiffs' Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny the remaining allegations contained in this paragraph.

### ANSWER TO FIRST CAUSE OF ACTION
### NEGLIGENCE

85.   Defendants repeat their answers to the allegations of paragraphs 1 through 84 of Plaintiffs' Complaint as if set forth at length herein.

86.   Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 86 of the First Cause of Action of Plaintiffs' Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

87.     Defendants deny the allegations contained in paragraph 87 of the First Cause of Action of Plaintiffs' Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the First Cause of Action of Plaintiffs' Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the First Cause of Action of Plaintiffs' Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the First Cause of Action of Plaintiffs' Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the First Cause of Action of Plaintiffs' Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the First Cause of Action of Plaintiffs' Complaint.

93.     Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 93 of the First Cause of Action of Plaintiffs' Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the First Cause of Action of Plaintiffs' Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the First Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 95.

## ANSWER TO SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – FAILURE TO WARN

96.     Defendants repeat their answers to the allegations of paragraphs 1 through 95 of Plaintiffs' Complaint as if set forth at length herein.

97.     Defendants admit that OMP, now known as OMPJI, manufactures and supplies ORTHO EVRA®.  Defendants deny the remaining allegations contained in paragraph 97 of the Second Cause of Action of Plaintiffs' Complaint.

98.     Defendants admit that OMP, now known as OMPJI, manufactures and

DRINKER BIDDLE & REATH
LP
0 Fremont Street, 20th Floor
an Francisco, CA  94105

394621v1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

supplies ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 98 of the Second Cause of Action of Plaintiffs' Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Second Cause of Action of Plaintiffs' Complaint.

100.     Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 100 of the Second Cause of Action of Plaintiffs' Complaint.

101.     Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 101 of the Second Cause of Action of Plaintiffs' Complaint.

102.     Defendants deny the allegations contained in paragraph 102 of the Second Cause of Action of Plaintiffs' Complaint.

103.     Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 103 of the Second Cause of Action of Plaintiffs' Complaint.

104.     Defendants deny the allegations contained in paragraph 104 of the Second Cause of Action of Plaintiffs' Complaint.

105.     Defendants deny the allegations contained in paragraph 105 of the Second Cause of Action of Plaintiffs' Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of the Second Cause of Action of Plaintiffs' Complaint.

107.     Defendants deny the allegations contained in paragraph 107 of the Second Cause of Action of Plaintiffs' Complaint.

108.     Defendants deny the allegations contained in paragraph 108 of the Second Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 108.

1

2

## ANSWER TO THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

3

4

109.    Defendants repeat their answers to the allegations of paragraphs 1 through 108 of Plaintiffs' Complaint as if set forth at length herein.

5

6

110.    Defendants deny the allegations contained in paragraph 110 of the Third Cause of Action of Plaintiffs' Complaint.

7

8

111.    Defendants deny the allegations contained in paragraph 111 of the Third Cause of Action of Plaintiffs' Complaint.

9

10

112.    Defendants deny the allegations contained in paragraph 112 of the Third Cause of Action of Plaintiffs' Complaint.

11

12

113.    Defendants deny the allegations contained in paragraph 113 of the Third Cause of Action of Plaintiffs' Complaint.

13

14

114.    Defendants deny the allegations contained in paragraph 114 of the Third Cause of Action of Plaintiffs' Complaint.

15

16

115.    Defendants deny the allegations contained in paragraph 115 of the Third Cause of Action of Plaintiffs' Complaint.

17

18

116.    Defendants deny the allegations contained in paragraph 116 of the Third Cause of Action of Plaintiffs' Complaint.

19

20

117.    Defendants deny the allegations contained in paragraph 117 of the Third Cause of Action of Plaintiffs' Complaint.

21

22

23

118.    Defendants deny the allegations contained in paragraph 118 of the Third Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 118.

24

## ANSWER TO FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

25

26

119.    Defendants repeat their answers to the allegations of paragraphs 1 through 118 of Plaintiffs' Complaint as if set forth at length herein.

27

28

120.    Defendants admit that OMP, now known as OMPJI, marketed, sold and

DRINKER BIDDLE & REATH
LP
0 Fremont Street, 20th Floor
an Francisco, CA 94105

15

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

distributed ORTHO EVRA®, which is used for the prevention of pregnancy. Defendants further admit that McKesson is a non-exclusive distributor of ORTHO EVRA®, and deny that McKesson marketed or sold ORTHO EVRA®. The remainder of paragraph 120 of the Fourth Cause of Action of Plaintiffs' Complaint contains a legal conclusion to which no response is required.

121.    Paragraph 121 of the Fourth Cause of Action of Plaintiffs' Complaint contains legal conclusions to which no response is required.

122.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 122 of the Fourth Cause of Action of Plaintiffs' Complaint, and therefore these allegations are denied.

123.    Defendants deny the allegations contained in paragraph 123 of the Fourth Cause of Action of Plaintiffs' Complaint.

124    Defendants deny the allegations contained in paragraph 124 of the Fourth Cause of Action of Plaintiffs' Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Fourth Cause of Action of Plaintiffs' Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Fourth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 126.

### ANSWER TO FIFTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

127.    Defendants repeat their answers to the allegations of paragraphs 1 through 126 of Plaintiffs' Complaint as if set forth at length herein.

128.    Defendants admit that OMP, now known as OMPJI, manufactures, markets, promotes, and sells ORTHO EVRA®. Defendants further state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in this paragraph to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

394621v1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND    CASE NO.

the remaining allegations contained in paragraph 128 of the Fifth Cause of Action of Plaintiffs' Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Fifth Cause of Action of Plaintiffs' Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Fifth Cause of Action of Plaintiffs' Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Fifth Cause of Action of Plaintiffs' Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Fifth Cause of Action of Plaintiffs' Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the Fifth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 133.

## ANSWER TO SIXTH CAUSE OF ACTION
## FRAUD

134.    Defendants repeat their answers to the allegations of paragraphs 1 through 133 of Plaintiffs' Complaint as if set forth at length herein.

135.    Defendants admit that OMP, now known as OMPJI, manufactures, markets, promotes, and sells ORTHO EVRA®. Defendants further state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in this paragraph to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny the remaining allegations contained in paragraph 135 of the Sixth Cause of Action of Plaintiffs' Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Sixth Cause of Action of Plaintiffs' Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Sixth Cause of Action of Plaintiffs' Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Sixth Cause of Action of Plaintiffs' Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Sixth Cause of Action of Plaintiffs' Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Sixth Cause of Action of Plaintiffs' Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of the Sixth Cause of Action of Plaintiffs' Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Sixth Cause of Action of Plaintiffs' Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' states of mind.    Defendants deny the remaining allegations contained in paragraph 143 of the Sixth Cause of Action of Plaintiffs' Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the Sixth Cause of Action of Plaintiffs' Complaint.

145.    Defendants deny the allegations contained in paragraph 145 of the Sixth Cause of Action of Plaintiffs' Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Sixth Cause of Action of Plaintiffs' Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Sixth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 147.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Venue is improper in this court.

DRINKER BIDDLE & REATH
LP
0 Fremont Street, 20th Floor
an Francisco, CA 94105

394621v1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are fraudulently joined and/or misjoined, and the court should sever Plaintiffs' claims and/or enter other appropriate orders to avoid prejudice, unfairness, hardship, delay, and undue expense and to promote convenience and expedience.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent certain Plaintiffs have asserted duplicative claims in one or more other actions pending against some or all of the same defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose and/or by the equitable doctrines of laches and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, release and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

### NINTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiffs have suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident or preexisting condition, without any

negligence and culpable conduct by Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration, omission or fault of one or more persons or entities over whom Defendants exercised no control and for whom Defendants are not legally responsible, including, without limitation, Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

The product at issue in this case falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Federal Food & Drug Administration, and therefore, Federal law preempts Plaintiffs' claims. *See*, 21 U.S.C. §301 *et. seq. See also*, 71 Fed. Reg. 3922 (January 24, 2006).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not make to Plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiffs rely on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Defendants and/or for failure of Plaintiffs, or Plaintiffs' representatives, to give timely notice to Defendants of any alleged breach of warranty.

Plaintiffs did not rely on any alleged warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the State of California, and any other state whose law is deemed to apply in this case.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of product defects are barred by Section 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' product liability claims are barred because the benefits of the relevant product outweighed its risks.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

### TWENTIETH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the State of California.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages in this case against Defendants is barred to the extent that the amount of such an award violates the Constitution of the United States or the Constitution of the State of California.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud with specificity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to a setoff for all amounts paid, payable by or available from collateral sources.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Defendants because there is no private right of action under the applicable federal law. To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to FDA, such claims are barred pursuant to *Buckman v. Plaintiffs' Legal Community*, 531 U.S. 341 (2001).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of the product at issue, barring in whole or in part the damages Plaintiffs seek to recover.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event Defendants, or any of them, are held liable to Plaintiffs, or any of them, which liability is expressly denied, or a settlement of judgment against Defendants, or any of them, is reached, Defendants request an apportionment of fault be made as permitted by *Li v. Yellow Cab Company*, 13 Cal.3d 804 (1975) and *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1987) and a judgment and declaration of indemnification and contribution be entered against all other persons and entities in accordance with that apportionment of fault.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The amount of any award on behalf of Plaintiffs, or any of them, for non-economic loss must be allocated according to the provisions of California Civil Code Section 1431.2 ("Proposition 51").

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

394621v1

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND          CASE NO.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to amend their Answer by adding defenses, counterclaims, cross claims or by instituting third party actions as additional facts are obtained.

WHEREFORE, having fully answered, Defendants specifically controvert Plaintiffs' Prayer for Relief including Paragraphs (1)-(6).

## JURY DEMAND

Defendants hereby demand a trial by jury of all the facts and issues in this case pursuant to Federal Rule of Civil Procedure 38(b).

Dated: January 31, 2008

DRINKER BIDDLE & REATH

CHARLES F. PREUSS
BRENDA N. BUONAIUTO
Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL,
INC., now known as ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC.,
and MCKESSON CORPORATION

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

394621v1

23

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.